**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ROBERT WILLIE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>FCI LEWISBURG, et al.,<br><br>Defendants. | ) | No. 1:26-cv-13387-JEK |

**ORDER**

**KOBICK, J.**

*Pro se* plaintiff Robert Willie Johnson brought this action on July 23, 2026 against dozens of defendants for allegedly violating his civil rights in connection with his arrest on August 12, 2025 at his home in New York and his subsequent detention at, and transfer among, the following facilities: Onondaga County Justice Cener, Cayuga County Correctional Facility, MDC Brooklyn, Delaware County Correctional Facility, Essex County Correctional Facility, FCI Lewisburg, and FMC Devens. ECF 1. Johnson is now a federal pretrial detainee in custody at the Federal Medical Center Devens ("FMC Devens") in Ayer, Massachusetts. *Id.* at 1; ECF 1-2; ECF 1-3.[1] With his handwritten complaint, Johnson filed an application to proceed without prepaying fees or costs, ECF 2, and a pleading titled "motions for failures to respond, default judgements, failures to file notices of appearances, pro se corporation fraud and appeals," ECF 3.

[1] Johnson was charged by criminal complaint with bankruptcy fraud offenses in the U.S. District Court for the Northern District of New York in August 2025. *United States v. Johnson*, No. 25-mj-236-MWP, ECF 2, at 1 (N.D.N.Y. Aug. 13, 2025). In March 2026, he was committed, pursuant to 18 U.S.C. § 4241(d), to the custody of the Attorney General for psychiatric examination, evaluation, and treatment. *Id.*, ECF 39 (N.D.N.Y. Mar. 23, 2026).

For prisoner plaintiffs, a request to proceed without prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The *in forma pauperis* statute defines "prisoner" to include "any person . . . detained in any facility who is accused of . . . violations of criminal law." 28 U.S.C. § 1915(h). As a pretrial detainee who is in a mental health facility pursuant to a court order for observation or treatment, Johnson meets the statutory definition of a "prisoner" for purposes of section 1915(h). *See Mahoney v. Hearst Corp.*, No. 15-1518, 2018 WL 11426750, at *1 (1st Cir. Dec. 7, 2018) (citing *Gibson v. City Municipality of New York*, 692 F.3d 198, 201-02 (2d Cir. 2012) and *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) for that proposition); *supra* note 1.

Johnson failed to provide a certified prison account statement with his application to proceed without prepaying fees or costs. But he will be afforded an opportunity to do so. Johnson is cautioned that unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the $350 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, *see id.* §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (section 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

Accordingly, it is hereby ORDERED:

1. The application to proceed without prepaying fees or costs, ECF 2, is DENIED WITHOUT PREJUDICE. If Johnson wishes to proceed with this action, within 28 days of the date of this Order, he either must (1) pay the $405 filing and administrative fees or (2) file a new application to proceed without prepaying fees or costs accompanied by his certified prison account statement. Failure to do so may result in a dismissal of this action without prejudice.

2. The Clerk will provide Johnson with an Application to Proceed in District Court Without Prepaying Fees or Costs.

3. The Clerk will also send a copy of this Order to the Treasurer's Office at FMC Devens, in order to facilitate any request by Johnson for his certified prison account statement. The Court asks that the Treasurer's Office include in any prison account statement Johnson's average monthly deposits for the six-month period preceding the date the complaint was filed (July 23, 2026), as well as the average monthly balance for that same period.

4. The motion "for failures to respond, default judgements, failures to file notices of appearances, pro se corporation fraud and appeals," ECF 3, is DENIED WITHOUT PREJUDICE as premature.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2026